UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NURUN HAPPY, as natural guardian of infant R.R.,

                               Plaintiff,

           -against-

CITY OF NEW YORK; Sergeant JOSEPH ROSSO, Shield No. 2766; Police Officer MIGUEL GONZALEZ, Shield No. 21882; Lieutenant JUSTIN BILLOWS; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 6232 (JBW) (RML)

## NATURE OF THE ACTION

1. This is an action to recover money damages and equitable relief arising out of the violation of R.R.'s rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws and constitution of the State of New York and Section 14-151 of the Administrative Code of the City of New York.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State and New York City claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Infant R.R. is a resident of Kings County in the City and State of New York. Plaintiff Nurun Happy is R.R.'s mother and natural guardian.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Sergeant Joseph Rosso, Shield No. 2766 ("Rosso"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rosso is sued in his individual and official capacities.

10. Defendant Police Officer Miguel Gonzalez, Shield No. 21882 ("Gonzalez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gonzalez is sued in his individual and official capacities.

11. Defendant Lieutenant Justin Billows ("Billows"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Billows is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately 7:00 p.m. on June 13, 2015, R.R., a fifteen-year old boy, swiped his MetroCard and entered the Beach 116th Street and Rockaway Park Subway Station in the Rockaway Beach section of Queens, New York.

16. Minutes later, inside the subway station, R.R. was approached by defendant Rosso. Upon information and belief, defendant Gonzalez was also present.

17. Unbeknownst to R.R., defendant Rosso was a police officer in disguise.

18. Even though R.R. was lawfully present in the station and had committed no crime or offense, the defendants demanded, in sum and substance, that R.R. leave the station or face arrest.

19. R.R. complied and walked toward the exit of the station.

20. As R.R. was making his way out of the station door, defendant Rosso gratuitously and savagely pushed him, causing R.R.'s dominant right arm and body to violently collide with the station door, resulting in injuries including a suspected fracture of the scaphoid bone, an elbow sprain, multiple abrasions/contusions and acute wrist pain.

21. Knowing that R.R. was injured, defendant Rosso quickly left the scene.

22. After R.R. was injured, defendants Rosso and Gonzalez, with the assistance and under the supervision of defendant Billows, concocted a false story and prepared false paperwork, including Transit System Ejection Reports, to cover up what they had done to R.R.

23. Outside the station, R.R. was in severe pain and called 911.

24. R.R. was transported by ambulance to St. John's Episcopal Hospital, where he was diagnosed with the aforementioned injuries and a "thumb spica" cast was placed on his right arm.

25. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

26. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

27. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

28. Upon information and belief, defendants took law enforcement action with regard to R.R. based on his actual and/or perceived race, ethnicity, religion and/or national origin.

29. R.R. suffered damage as a result of defendants' actions. R.R. was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. John Doe 1 violated the Fourth and Fourteenth Amendments because he stopped R.R. without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, R.R. sustained the damages herein before alleged.

## SECOND CLAIM
### Unreasonable Force

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. John Doe 1 violated the Fourth and Fourteenth Amendments because he used unreasonable force on R.R.

35. As a direct and proximate result of this unlawful conduct, R.R. sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law Assault and Battery

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

38. Defendant City of New York, as an employer of John Doe 1, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

39. As a direct and proximate result of the misconduct and abuse of authority stated above, R.R. sustained the damages alleged herein.

## FOURTH CLAIM
### Negligent Hiring/Training/Retention

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to R.R. or to those in a like situation would probably result from the foregoing conduct.

42. Upon information and belief, John Doe 1 was unfit and incompetent for his position.

43. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that John Doe 1 was potentially dangerous.

44. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining John Doe 1 proximately caused each of plaintiff's injuries.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Intentional Infliction of Emotional Distress

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By reason of the foregoing, John Doe 1, acting in his capacity as an NYPD officer, and within the scope of his employment, committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon R.R.

48. The intentional infliction of emotional distress by John Doe 1 was unnecessary and unwarranted in the performance of his duties as an NYPD officer.

49. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for the wrongdoing of John Doe 1 under the doctrine of *respondeat superior*.

50. As a direct and proximate result of this unlawful conduct, R.R. sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Infliction of Emotional Distress

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By reason of the foregoing, John Doe 1, acting in his capacity as an NYPD officer, and within the scope of his employment, was negligent in committing conduct that inflicted emotional distress upon R.R.

53. The negligent infliction of emotional distress by John Doe 1 was unnecessary and unwarranted in the performance of his duties as an NYPD officer.

54. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant

City, as employer of each of the defendants, is responsible for John Doe 1's wrongdoings under the doctrine of *respondeat superior*.

55. As a direct and proximate result of this unlawful conduct, R.R. sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Deliberate Indifference to Medical Needs

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. John Doe 1 was aware of R.R.'s need for medical care and failed to act in deliberate indifference to R.R.'s needs.

58. Accordingly, John Doe 1 violated the Fourteenth Amendment because he acted with deliberate indifference to R.R.'s safety.

59. As a direct and proximate result of this unlawful conduct, R.R. sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Bias-Based Profiling

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. In initiating law enforcement action against R.R. based on his actual and/or perceived race, ethnicity, religion and/or national origin, John Doe 1 engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

62. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(d) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(e) Such other and further relief as this Court deems just and proper.

Dated:   May 13, 2016
         New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*